

# Fourth Court of Appeals
## San Antonio, Texas

May 31, 2022

No. 04-22-00252-CV

**WISESTAFF, LLC**,
Appellant

v.

**MEDTRUST, LLC**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CI09614
Laura Salinas, Judge Presiding

# O R D E R

The clerk's record was due on May 9, 2022. On May 12, 2022, the trial court clerk filed a notification of late clerk's record, stating appellant is not entitled to appeal without paying the fee and has not paid or made arrangements to pay the fee for preparing the clerk's record. On May 13, 2022, this court ordered appellant to provide written proof to this court no later than May 23, 2022 that either (1) the clerk's fee for preparing the clerk's record has been paid or arrangements have been made to pay the clerk's fee; or (2) appellant is entitled to appeal without paying the clerk's fee.

On May 23, 2022, appellant filed a Motion to Abate asking this court to order the trial court to sign a written order ruling on appellee's request for a temporary injunction. According to appellant, the trial court has conducted two hearings (on April 21, 2022 and May 5, 2022) on appellee's request, but has failed to sign a written order. Because there is no written order, a complete clerk's record cannot be filed in this appeal.

Texas Rule of Appellate Procedure 44.4 provides as follows:

(a) Generally. A court of appeals must not affirm or reverse a judgment or dismiss an appeal if:
(1) the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and
(2) the trial court can correct its action or failure to act.

(b) Court of Appeals Direction if Error Remediable. If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error. The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

TEX. R. APP. P. 44.4.

Because the lack of a complete clerk's record "prevents the proper presentation of a case to the court of appeals," we ORDER the trial court to file a signed, written order ruling on appellee's request for a temporary injunction with the trial court clerk **no later than June 10, 2022**.

We ORDER appellant to provide written proof to this court **no later than June 20, 2022** that either (1) the clerk's fee for preparing the clerk's record has been paid or arrangements have been made to pay the clerk's fee; or (2) appellant is entitled to appeal without paying the clerk's fee. If appellant fails to respond within the time provided, this appeal will be dismissed for want of prosecution. *See* TEX. R. APP. P. 37.3(b) (allowing dismissal of appeal for want of prosecution if clerk's record is not filed due to appellant's fault); *see also* TEX. R. APP. P. 42.3(c) (allowing dismissal of appeal if appellant fails to comply with an order of this court).

_____
Lori I. Valenzuela, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 31st day of May, 2022.



_____
MICHAEL A. CRUZ, Clerk of Court